IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$54,580 IN UNITED STATES CURRENCY,<br>Defendant. | Case No. 19–CV–00723–JPG–GCS |

## **MEMORANDUM AND ORDER**

This is a civil asset-forfeiture action. The Government initiated these proceedings upon seizing $54,580 from Jacques Diallo during a traffic stop. (Verified Compl. 1, ECF No. 1). Diallo filed an answer to the complaint, (Answer, ECF No. 8), two months before filing a claim for the assets, (Claim for Assets, ECF No. 12). The Government asks the Court to strike Diallo's answer because it was untimely filed. (Gov.'s Motion to Strike Answer, ECF No. 12).

The pretrial procedures in civil forfeitures are governed by Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims. Subdivision 5(a)(ii) prescribes the time when a claimant must file a claim in federal court: If direct notice was sent, a claimant has at least 35 days after the notice is sent to file a claim. *After* a claim is filed, the claimant has 21 days to file an answer to the complaint. Id. § 5(b). Strict compliance is typically required absent special circumstances, and the Government can move to strike a claim or answer for failing to comply with the Rule G(5). See In re Commodity Account No. 549 54930, 219 F.3d 595, 598 (7th Cir. 2000); e.g., In re $113,550.58, No. 3:16CV341, 2016 WL 6134536, at *3 (E.D. Va. Oct. 20. 2016).

In this case, Diallo received direct notice, and the Government allowed him 45 days to file a claim. (Direct Notice of Civ. Forfeiture 2, ECF No. 4). Diallo filed an answer to the complaint 35 days after the Government sent Diallo direct notice and filed a claim 63 days later. Diallo's filings are thus defective for two reasons: (1) his claim was filed well beyond the 45-day deadline; and (2) he filed his

answer *before* filing his claim for assets. And while the Court has some discretion to allow a late claim, see In re U.S. Currency in the Amount of $103,387.27, 863 F.2d 555, 561–62 (7th Cir. 1988), Diallo—who is represented by counsel—provides no justification for his failure to comply with the Supplemental Rules.

Accordingly, the Court **GRANTS** the Government's Motion to Strike Answer, (Gov.'s Motion to Strike Answer, ECF No. 12), and **DIRECTS** the Clerk of Court to **STRIKE** Diallo's Answer from the record, (Answer, ECF No. 8).

**SO ORDERED.**

**Dated: Wednesday, November 20, 2019**

                                                <u>s/J. Phil Gilbert</u>
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**