IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 19–CV–00723–JPG

$54,580.00 IN UNITED STATES CURRENCY,
Defendant.

## **MEMORANDUM & ORDER**

### I. INTRODUCTION

This is a civil forfeiture action. Before the Court is the Government's Motion to Strike Claim, (ECF No. 21), and Claimant Jacques Diallo's Motion to File Answer Instanter, (ECF No. 23). Because Claimant did not provide an adequate excuse for his failure to comply with the statutory requirements for contesting the forfeiture, the Court **GRANTS** the Government's Motion to Strike Claim and **DENIES** Claimant's Motion to File Answer Instanter.

### II. PROCEDURAL & FACTUAL HISTORY

In January 2019, a Task Force Officer ("TFO") with the Drug Enforcement Administration conducted a traffic stop on Interstate 70 in Madison County, Illinois. (Verified Compl. Ex. A, at 1, ECF No. 1–1). Claimant was among the passengers in the stopped vehicle. (Id.). The TFO caught the scent of marijuana emanating from Claimant, searched the vehicle, and discovered "several bundles of vacuum-sealed United States currency hidden underneath the rear passenger bench seat." (Id. at 4). Claimant stated that the cash represented proceeds from his afterparty business, and he intended using it to purchase vehicles, although "he did not have information about any specific vehicles." (Id. at 7). A K9 sniff confirmed the odor of narcotics on the seized currency. (Id. at 5–6).

The Government filed a Verified Complaint for Forfeiture in this Court alleging that the seized currency constitutes money furnished by, or traceable to, a controlled substance offense. (ECF No. 1). It then issued a Direct Notice of Civil Judicial Forfeiture on July 26 indicating that potential claimants must file a claim within 45 days—10 days more than what is required by the federal rule. (ECF No. 4). The Notice was mailed to Claimant and his then-attorney by regular and certified mail. (Id.).

Claimant retained new counsel and answered the Verified Complaint on August 30. (ECF No. 8). The Court struck the Answer because the federal rule requires that a claim for assets be filed before an answer. (ECF No. 16). Claimant then filed a Claim for Assets on October 31. (ECF No. 12). The Government now asks the Court to strike Claimant's Claim because it was untimely filed; and Claimant requests the Court to excuse the tardiness and grant him leave to file a renewed answer.

## III. LAW & ANALYSIS

The procedural requirements in civil forfeiture actions are governed by the Civil Asset Forfeiture Reform Act and the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules"). Relevant here, potential claimants have 35 days after the Government files a notice of forfeiture to submit a claim for assets, unless the notice states otherwise or the Court has good cause to set a different time. Supp. Rule G(4)(b)(ii)(B), 5(a)(ii)(A). A claimant must then "serve and file an answer to the complaint . . . within 21 days after filing the claim." Id. at 5(b).

"The main procedural requirements imposed by Rule G are that 'the claimant must show that he has filed a timely claim and answer, that the claim is properly verified, and that he has identified himself and alleged an interest in the property.' " United States v. Funds in the Amount

of $239,400, 795 F.3d 639, 643 (7th Cir. 2015) (quoting Stefan D. Cassella, Asset Forfeiture Law in the United States § 9–4, 326–27 (2d ed. 2013)); see Supp. Rule G(4), (5). A claim for assets is not a complicated filing: It need only identify the claimant and the specific property claimed, state the claimant's interest in the property, be signed under penalty of perjury, and be served on the Government. United States v. $196,969.00 U.S. Currency, 719 F.3d 644, 645–46 (7th Cir. 2013).

Federal Rule of Civil Procedure 6(b)(2) permits a claimant in a civil forfeiture action to file a late claim upon a showing of "excusable neglect." However, once a potential claimant is given notice of a proceeding and advice on how to properly join it, due process does not require a district court to grant the claimant additional time to file a proper claim. See United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 215 (7th Cir. 1985). The Government may move to strike a claim or answer that does not comply with the Supplemental Rules at any time before trial. Supp. Rule G(8)(c).

Although the filing of a proper claim is "an essential element" of a claimant's standing to contest a forfeiture, United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 215 (7th Cir. 1985), the Court must consider the following factors before determining whether a claimant should be permitted to file a late claim: 1) the time at which the claimant became aware of the seizure; 2) the reasons proffered for the delay; 3) whether the claimant advised the Court and the Government of its interest in the currency before the claim deadline; 4) whether the Government would be prejudiced by allowing the late filing; 5) the sufficiency of the answer in meeting the basic requirements of the verified claim; and 6) whether the claimant timely petitioned for an enlargement of time, see United States v. U.S. Currency, the Amount of 103,387.27, 863 F.2d 555, 562 (7th Cir. 1988).

The factors enumerated by the Seventh Circuit weigh in favor of striking the Claim. First, Claimant was present during the seizure and was made immediately aware that it was in the Government's custody. The Government also sent him and his then-attorney the Notice via regular and certified mail. It provided instructions regarding how to contest the forfeiture and the deadlines for doing so.

The reasons proffered for the delay are also insufficient. Claimant contends that "[t]he confusion was in the fact that" his prior attorney "filed the initial claim but never entered his appearance." More specifically, Claimant's prior attorney filed a claim for assets in the administrative proceeding but not this judicial proceeding, and his new attorney assumed that a claim was filed here. But Claimant cannot use his prior attorney as a scapegoat; Claimant's new attorney failed to examine the record, a reasonable expectation when an attorney takes on an ongoing case. The mistakes of Claimant's attorney are thus "imputed to him and deprive him of standing." United States v. Commodity Account No. 549 54930, 219 F.3d 595, 598 (7th Cir. 2000); see also United States v. DiMucci, 879 F.2d 1488, 1496 (7th Cir. 1989) ("It seems clear to us that the law in this circuit is that an attorney's conduct must be imputed to his client in *any* context.") (emphasis in original).

The Court agrees with Claimant that the stricken answer provided adequate notice to the Court and the Government of Claimant's interest in the currency. The Court also agrees that the Government has not been significantly prejudiced by the delay, although there are legitimate concerns regarding evidence becoming stale and the Government's ability to obtain testimony from relevant witnesses.

Finally, the stricken answer failed to meet the basic requirements for a claim for assets, and Claimant failed to request additional time to file a tardy claim. The Government filed a Motion to

Strike Claimant's Answer in October. Rather than contesting the Motion, Claimant filed a Claim nearly three months past the deadline without requesting an extension or providing the Court with an explanation for the delay. It was not until January 2020 that Claimant asked the Court to excuse the procedural defects.

Considering the totality of the circumstances, Claimant failed to provide the Court with an adequate explanation for his failings, and the one proffered does not constitute excusable neglect.

## IV. CONCLUSION

The Court **GRANTS** the Government's Motion to Strike Claim and **DENIES** Claimant's Motion to File Answer Instanter. The Clerk of Court is **DIRECTED** to strike the Claim from the record. (ECF No. 12).

**IT IS SO ORDERED.**

**Dated: Wednesday, February 12, 2020**

<u>**S/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**